## James C. Kathman et al. *v.* The City of New Orleans.

The Legislature, by the Act of 11th of March, 1854, p. 46, intended, in fixing the compensation of the Assessors, to include, under the term property, the capital which it was the duty of the Assessors to ascertain.
The term property, in its enlarged signification, includes capital.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Collins*, for plaintiff.   *Livingston*, City Attorney, for appellant.

MERRICK, C. J.   We think the Legislature by the Act of the 11th of March,

KATHMAN
*v.*
NEW ORLEANS.

1854,.p. 46, intended in fixing the compensation of the Assessors, to include, under the term property, the capital which it was the duty of the Assessor to ascertain. The term property, in its enlarged signification, includes capital. The Assessors were required to carry the capital into the assessment roll, and it figures therein precisely as do real estate and slaves, as a subject of taxation. The only difference between the two is, that capital required no further assessment than to ascertain the amount, whilst slaves and real estate require an estimate of their value.

The testimony renders it probable that something ought to be deducted from the amount claimed by the Assessors of the Second and Third Districts. But there is nothing in the record by which we can ascertain the precise amount. As to the sums claimed by the city for printing, there is nothing to show that it was done at the request of the Assessors. For all that appears, it was done for the convenience of the city, and for the further assurance of the correctness of the tax rolls. It appears, moreover, to have been done before the copy of the tax roll was delivered to the city.

Judgment affirmed.